**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY CIVIL DIVISION**

04 MAY -7 PM 3:24

THOMAS RENEKER,

Plaintiff,

8:04-cv-1048-T-17EAJ

Case No.: 03-11829

vs.

Division: E

ERNIE HAIRE FORD, INC., MACDILL SERVICE CORPORATION d/b/a MACDILL FEDERAL CREDIT UNION, and HOUSEHOLD AUTOMOTIVE FINANCE CORPORATION,

Defendants.

______________________________/

3 2004 AP -7 PM 2:47

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Thomas Reneker ("**Reneker**"), hereby sues the Defendants, Ernie Haire Ford, Inc. ("**Ernie Haire**"), MacDill Service Corporation d/b/a MacDill Federal Credit Union ("**MSC**"), and Household Automotive Finance Corporation ("**Household Auto**") and alleges as follows:

**JURISDICTION, VENUE, AND IDENTIFICATION OF THE PARTIES**

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorneys' fees.

2. Ernie Haire is a Florida corporation doing business under the laws of the State of Florida and, at all times material, maintained its principal place of business located at 9545 N. Florida Avenue, Tampa, Florida. Ernie Haire is a licensed motor vehicle dealer in the State of Florida pursuant to Florida Statutes, section 320.27(c). Ernie Haire is also a licensed motor vehicle retail installment seller in Florida pursuant to Florida Statutes, section 520.02(14).

3. Household Auto is a California corporation doing business in the State of Florida. Ernie Haire Ford sold Reneker's April 14, 2001 retail installment sales contract referenced below to Household Auto, and pursuant to that contract and the notice contained on the reverse side of the contract in accordance with the Federal Trade Commissions' rule, 16 Code of Regulations, Part 433 et seq., commonly referred to as the Anti-Holder In Due Course Rule, hereinafter referred to as the "FTC Holder Rule," Household Auto is subject to all claims and defenses that Reneker has against Ernie Haire Ford in connection with that contract.

4. MSC is a Florida Corporation doing business under the laws of the State of Florida and, at all times material, maintained its principal place of business located at 6701 S. Dale Mabry Hwy, Tampa, Florida. Ernie Haire Ford sold Reneker's December 28, 2002 retail installment sales contract referenced below to MSC, and pursuant to that contract and the notice contained on the reverse side of the contract in accordance with the FTC Holder Rule, MSC is subject to all claims and defenses that Reneker has against Ernie Haire Ford in connection with that contract.

5. Venue is proper in Hillsborough County, Florida, because substantial parts of the events giving rise to the cause of action set forth below occurred in Hillsborough County, Florida, Ernie Haire maintains its principal place of business in Hillsborough County, Florida.

6. All conditions precedent to the maintenance of this action have occurred, have been performed, or have been waived.

**FACTS COMMON TO ALL COUNTS**

*April 14, 2001 Sales Transactions*

7. On or about April 14, 2001, Reneker visited Ernie Haire and contracted to purchase a used 1998 Ford F-150 bearing vehicle identification number 2FTZF1763WCA44629.

8.    On that date, Reneker contracted to purchase the subject vehicle from Ernie Haire and the parties signed a standard form purchase contract (the "April 14, 2001 Purchase Contract"). A copy of Reneker' April 14, 2001 Purchase Contract is attached hereto as **Exhibit No. 1**. All conditions of that sales transaction were fulfilled and satisfied by Reneker.

9.    Without any disclosure or notice to Reneker, Ernie Haire included in the April 14, 2001 Purchase Contract property insurance for a total price of $199.00 (hereinafter referred to as "Etch Insurance"). For this $199.00, Ernie Haire is suppose to etch an identification number into the windows of the vehicle as an alleged theft deterrent and then sell the insurance coverage at an enormous profit without ever disclosing its actual cost and payment to any third party to the buyer.

10.    Ernie Haire also provided Reneker with a vehicle anti-theft registration form, which he signed. A copy of the registration form is attached hereto as **Exhibit No. 2**.

11.    Reneker was never disclosed the actual cost of the Etch Insurance included in his purchase, or the amount of any payment made by Ernie Haire to any third party for the Etch Insurance.

12.    Ernie Haire also requested Reneker to execute a retail installment sales contract, which he did on April 14, 2001. A copy of the first retail installment sales contract signed by Reneker but not Ernie Haire is attached hereto as **Exhibit No. 3**.

13.    At that point in time, Ernie Haire accepted Reneker's application for credit and upon such application, informed Reneker that he was approved for financing and Reneker left the dealership with his new purchase.

14.    A week and a half later, Ernie Haire contacted Reneker and told him that it could not obtain financing under the terms of the first retail installment contract and that they needed him to return to the dealership to sign new contracts.

15. At that time, Reneker returned to the dealership and signed a new purchase contract, backdated to April 14, 2001, a copy of which is attached hereto as **Exhibit No. 4**, and a new retail installment sales contract, also backed dated to April 14, 2001, a copy of which is attached hereto as **Exhibit No. 5**. As before, the new purchase contract, Exh. 4, included Etch Insurance without any disclosure of its actual cost of Ernie Haire's payment to any third party for that product.

*December 28, 2002 Sales Transaction*

16. On or about December 28, 2002, Reneker visited Ernie Haire and contracted to purchase a new 2003 Ford F-250 SD bearing vehicle identification number 1FTNF20L23EB72953 from Ernie Haire.

17. As before, Reneker executed a purchase contract dated December 28, 2002, a copy of which is attached hereto as **Exhibit No. 6**, and a retail installment sales contract dated December 28, 2002, a copy of which is attached hereto as **Exhibit No. 7**.

18. This time the purchase contract, Exh. 6, not only included Etch Insurance, but also included a new property insurance product called "Silencer." A registration form for Silencer was provided to Reneker, a copy of which is attached hereto as **Exhibit No. 8**. As before, Reneker was never disclosed the actual cost of the Etch Insurance or Silencer, or any payments made to any third parties for those products.

**COUNT I**
**(TILA – Ernie Haire Ford)**

19. The Plaintiff realleges and incorporates by reference Paragraphs 1-18 above.

20. This is an action against Ernie Haire Ford due to its violation of TILA, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226, for the first April 14, 2001 retail installment sales contract, Exh. 3.

21.     Reneker's first April 14, 2001 transaction was a consumer transaction within the meaning of TILA, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226.

22.     At all times material, Ernie Haire, in the ordinary course of its business, regularly extend, offer to extend, arranged for the extension of, credit to its customers for which a finance charge is or may be collected.

23.     At all times, Ernie Haire concealed, whether negligently or intentionally, the true nature of its Etch Insurance.

24.     Ernie Haire failed to make the necessary Truth-In-Lending disclosures and failed to make the disclosures clearly and conspicuously as required by federal law.  Among other things, Ernie Haire has violated TILA and Regulation Z by:

          a.     Failing to make accurate disclosures clearly and conspicuously in writing, in a form that the consumer may keep, prior to the consummation of the transactions pursuant to 15 U.S.C. § 1638(b) and Regulation Z, 12 C.F.R. § 226.17;

          b.     Failing to include in the finance charge certain charges imposed by Ernie Haire, payable by Reneker, and incident to the extension of credit as required by 15 U.S.C. § 1605(a)(3), and Regulation Z, 12 C.F.R. § 226.18(d)(2).  Such amounts include, without limitation, Etch Insurance, in accordance with Regulation Z, 12 C.F.R. § 226.4(a), for which disclosure is required as a precondition to exclusion from any finance charge, and was not properly made pursuant to Regulation Z, 12 C.F.R. § 226.4(d)(2) and (3);

          c.     Failing to accurately disclose credit terms in accordance with 15 U.S.C. §§ 1601 and1638 and Regulation Z, 12 C.F.R. § 226.17(b);

      d. Failing to state clearly that its disclosures are "estimates" in accordance with 15 U.S.C. §§ 1601 and1638 and Regulation Z, 12 C.F.R. § 226.17(c)(2); and

e. Failing to disclose amounts paid on the consumer's behalf to any third party and failing to identify such party pursuant to 15 U.S.C. § 1638(a)(2)(B)(iii); 12 C.F.R. § 226.18(c)(1)(iii).

25. As a result of Ernie Haire's violations of TILA and Regulation Z, Reneker seeks damages pursuant to 15 U.S.C. § 1640.

26. Reneker has retained the undersigned counsel to prosecute this action and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1640(a).

**WHEREFORE,** Reneker demands judgment against Ernie Haire for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT II**
**(TILA – Ernie Haire Ford)**

27. The Plaintiff realleges and incorporates by reference Paragraphs 1-18 above.

28. This is an action against Ernie Haire Ford due to its violation of TILA, 15 U.S.C. § 1601 *et seq*. and Regulation Z, 12 C.F.R. § 226, for the second April 14, 2001 retail installment sales contract, Exh. 5.

29. Reneker's second April 14, 2001 transaction was a consumer transaction within the meaning of TILA, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226.

30. At all times material, Ernie Haire, in the ordinary course of its business, regularly extend, offer to extend, arranged for the extension of, credit to its customers for which a finance charge is or may be collected.

31.    At all times, Ernie Haire concealed, whether negligently or intentionally, the true nature of its Etch Insurance.

32.    Ernie Haire failed to make the necessary Truth-In-Lending disclosures and failed to make the disclosures clearly and conspicuously as required by federal law.  Among other things, Ernie Haire has violated TILA and Regulation Z by:

      a.    Failing to make accurate disclosures clearly and conspicuously in writing, in a form that the consumer may keep, prior to the consummation of the transactions pursuant to 15 U.S.C. § 1638(b) and Regulation Z, 12 C.F.R. § 226.17;

      b.    Failing to include in the finance charge certain charges imposed by Ernie Haire, payable by Reneker, and incident to the extension of credit as required by 15 U.S.C. § 1605(a)(3), and Regulation Z, 12 C.F.R. § 226.18(d)(2).  Such amounts include, without limitation, Etch Insurance, in accordance with Regulation Z, 12 C.F.R. § 226.4(a), for which disclosure is required as a precondition to exclusion from any finance charge, and was not properly made pursuant to Regulation Z, 12 C.F.R. § 226.4(d)(2) and (3);

      c.    Failing to accurately disclose credit terms in accordance with 15 U.S.C. §§ 1601 and1638 and Regulation Z, 12 C.F.R. § 226.17(b);

      d.    Failing to state clearly that its disclosures are "estimates" in accordance with 15 U.S.C. §§ 1601 and1638 and Regulation Z, 12 C.F.R. § 226.17(c)(2); and

      e.    Failing to disclose amounts paid on the consumer's behalf to any third party and failing to identify such party pursuant to 15 U.S.C. § 1638(a)(2)(B)(iii); 12 C.F.R. § 226.18(c)(1)(iii).

33. As a result of Ernie Haire's violations of TILA and Regulation Z, Reneker seeks damages pursuant to 15 U.S.C. § 1640.

34. Reneker has retained the undersigned counsel to prosecute this action and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1640(a).

**WHEREFORE,** Reneker demands judgment against Ernie Haire for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT III**
**(TILA – Household Auto)**

35. The Plaintiff realleges and incorporates by reference paragraphs 1-18 and 29-32 above.

36. This is an action against Household Auto due to its violations of TILA, 15 U.S.C. §1601 et. seq. and Regulation Z, 12 C.F.R. § 226, concerning the second April 14, 2001 retail installment sales contract, Exh. 5.

37. Pursuant to TILA, Household Auto is liable as the assignee of the second April 14, 2001 retail installment sales contract as a result of the Ernie Haire Ford's violations of TILA, which were apparent on the face of the disclosure statement. Such violations are apparent on the face of the disclosure statement because (1) the disclosures could have been determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned; and/or (2) the disclosures did not contain or use the terms required to be used by TILA.

38. At all times material, Household Auto, in the ordinary course of its business, regularly extended, offered to extend, or arranged for the extension of credit to Reneker for which a finance charge is or may be collected, or which, by written agreement, is payable in

more than four (4) installments, making Household Auto a creditor within the meaning of TILA, 15 U.S.C. § 1602(f) and Regulation Z, 12 C.F.R. § 226.2(a)(17).

39. As a result of the above referenced violations of TILA and Regulation Z, Reneker seeks damages pursuant to 15 U.S.C. § 1640 against Household Auto.

40. Reneker has retained the undersigned counsel to prosecute this action and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1640(a).

**WHEREFORE,** Reneker demands judgment against Household Auto for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT IV**
**(TILA – Ernie Haire Ford)**

41. The Plaintiff realleges and incorporates by reference Paragraphs 1-18 above.

42. This is an action against Ernie Haire Ford due to its violation of TILA, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226, for the December 28, 2002 retail installment sales contract, Exh. 7.

43. Reneker's December 28, 2002, transaction was a consumer transaction within the meaning of TILA, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226.

44. At all times material, Ernie Haire, in the ordinary course of its business, regularly extend, offer to extend, arranged for the extension of, credit to its customers for which a finance charge is or may be collected.

45. Ernie Haire failed to make the necessary Truth-In-Lending disclosures and failed to make the disclosures clearly and conspicuously as required by federal law. Among other things, Ernie Haire has violated TILA and Regulation Z by:

a. Failing to make accurate disclosures clearly and conspicuously in writing, in a form that the consumer may keep, prior to the consummation of the transactions pursuant to 15 U.S.C. § 1638(b) and Regulation Z, 12 C.F.R. § 226.17;

b. Failing to include in the finance charge certain charges imposed by Ernie Haire, payable by Reneker, and incident to the extension of credit as required by 15 U.S.C. § 1605(a)(3), and Regulation Z, 12 C.F.R. § 226.18(d)(2). Such amounts include, without limitation, Etch Insurance and Silencer, in accordance with Regulation Z, 12 C.F.R. § 226.4(a), for which disclosure is required as a precondition to exclusion from any finance charge, and was not properly made pursuant to Regulation Z, 12 C.F.R. § 226.4(d)(2) and (3);

c. Failing to accurately disclose credit terms in accordance with 15 U.S.C. §§ 1601 and1638 and Regulation Z, 12 C.F.R. § 226.17(b);

d. Failing to state clearly that its disclosures are "estimates" in accordance with 15 U.S.C. §§ 1601 and1638 and Regulation Z, 12 C.F.R. § 226.17(c)(2); and

e. Failing to disclose amounts paid on the consumer's behalf to any third party and failing to identify such party pursuant to 15 U.S.C. § 1638(a)(2)(B)(iii); 12 C.F.R. § 226.18(c)(1)(iii).

46. As a result of Ernie Haire's violations of TILA and Regulation Z, Reneker seeks damages pursuant to 15 U.S.C. § 1640.

47. Reneker has retained the undersigned counsel to prosecute this action and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1640(a).

**WHEREFORE,** Reneker demands judgment against Ernie Haire for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT V**
**(TILA – MSC)**

48. The Plaintiff realleges and incorporates by reference paragraphs 1-18 and 43-45 above.

49. This is an action against MSC due to its violations of TILA, 15 U.S.C. §1601 et. seq. and Regulation Z, 12 C.F.R. § 226, concerning the December 28, 2002, retail installment sales contract, Exh. 7.

50. Pursuant to TILA, MSC is liable as the assignee of the December 28, 2002 retail installment sales contract as a result of the Ernie Haire Ford's violations of TILA, which were apparent on the face of the disclosure statement. Such violations are apparent on the face of the disclosure statement because (1) the disclosures could have been determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned; and/or (2) the disclosures did not contain or use the terms required to be used by TILA.

51. At all times material, MSC, in the ordinary course of its business, regularly extended, offered to extend, or arranged for the extension of credit to Reneker for which a finance charge is or may be collected, or which, by written agreement, is payable in more than four (4) installments, making MSC a creditor within the meaning of TILA, 15 U.S.C. § 1602(f) and Regulation Z, 12 C.F.R. § 226.2(a)(17).

52. As a result of the above referenced violations of TILA and Regulation Z, Reneker seeks damages pursuant to 15 U.S.C. § 1640 against MSC.

53. Reneker has retained the undersigned counsel to prosecute this action and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1640(a).

**WHEREFORE,** Reneker demands judgment against MSC for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT VI**
**(Section 520.07(2) Violations)**

54. Reneker realleges and incorporates by reference paragraphs 1-18 above.

55. This is an action by Reneker against Ernie Haire Ford for its violations of the Florida Motor Vehicle Retail Sales Finance Act, Florida Statutes, sections 520.07(2)(a)-(e), in accordance with Florida Statutes, section 520.12(2), concerning the first April 14, 2001 retail installment sales contract, Exh. 3.

56. Section 520.12(2) provides a civil remedy to a buyer where the dealer willfully violates Chapter 520, Part I with respect to a retail installment sale. The buyer may recover "an amount equal to any finance charge and any fees charged to the buyer by reason of delinquency, plus attorneys' fees and costs incurred by the buyer to assert rights under this part."

57. At all times material, Ernie Haire Ford, in the ordinary course of its business, was engaged in the business of a motor vehicle retail installment seller and was licensed in accordance with Section 520.03.

58. Based on the facts set forth above, Ernie Haire Ford willfully violated the following:

a. Section 520.07(2)(a)-(e) by:

i. failing to make the required disclosures clearly and conspicuously in writing, in a form that the consumer may keep, prior to the consummation of the credit transactions pursuant to TILA and Regulation Z;

ii. Failing to include in the finance charge certain charges imposed by Ernie Haire Ford, payable by Reneker, and incident to the extension of credit as required by 15 U.S.C. § 1605(c), and Regulation Z, 12 C.F.R. § 226.18(d)(2). Such amounts include, without limitation, Etch Insurance, in accordance with Regulation Z, 12 C.F.R. § 226.4(a), for which disclosure is required, as a precondition to exclusion of such charges from any finance charge, and was not properly made pursuant to Regulation Z, 12 C.F.R. § 226.4(d)(2) and (3); and

iii. Failing to accurately disclose credit terms in accordance with 15 U.S.C. §§ 1601 and 1638(a) and Regulation Z, 12 C.F.R. § 226.17.

59. Reneker has retained the undersigned counsel to prosecute this action and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to Section 520.12(2).

**WHEREFORE,** Reneker demands judgment against Ernie Haire for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT VII**
**(Section 520.07(2) Violations)**

60. Reneker realleges and incorporates by reference paragraphs 1-18 above.

61. This is an action by Reneker against Ernie Haire Ford for its violations of the Florida Motor Vehicle Retail Sales Finance Act, Florida Statutes, sections 520.07(2)(a)-(e), in accordance with Florida Statutes, section 520.12(2), concerning the second April 14, 2001 retail installment sales contract, Exh. 5.

62. Section 520.12(2) provides a civil remedy to a buyer where the dealer willfully violates Chapter 520, Part I with respect to a retail installment sale. The buyer may recover "an amount equal to any finance charge and any fees charged to the buyer by reason of delinquency, plus attorneys' fees and costs incurred by the buyer to assert rights under this part."

63. At all times material, Ernie Haire Ford, in the ordinary course of its business, was engaged in the business of a motor vehicle retail installment seller and was licensed in accordance with Section 520.03.

64. Based on the facts set forth above, Ernie Haire Ford willfully violated the following:

a. Section 520.07(2)(a)-(e) by:

i. failing to make the required disclosures clearly and conspicuously in writing, in a form that the consumer may keep, prior to the consummation of the credit transactions pursuant to TILA and Regulation Z;

ii. Failing to include in the finance charge certain charges imposed by Ernie Haire Ford, payable by Reneker, and incident to the extension of credit as required by 15 U.S.C. § 1605(c), and Regulation Z, 12 C.F.R. § 226.18(d)(2). Such amounts include, without limitation, Etch Insurance, in accordance with Regulation

Z, 12 C.F.R. § 226.4(a), for which disclosure is required, as a precondition to exclusion of such charges from any finance charge, and was not properly made pursuant to Regulation Z, 12 C.F.R. § 226.4(d)(2) and (3); and

iii. Failing to accurately disclose credit terms in accordance with 15 U.S.C. §§ 1601 and 1638(a) and Regulation Z, 12 C.F.R. § 226.17.

65. Reneker has retained the undersigned counsel to prosecute this action and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to Section 520.12(2).

**WHEREFORE,** Reneker demands judgment against Ernie Haire for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT VIII**
**(Section 520.07(2) Violations – Derivative Claim)**

66. The Plaintiff realleges and incorporates by reference paragraphs 1-18 and 62-65 above.

67. This is an action by Reneker against Household Auto Finance for its derivative liability for Ernie Haire Ford's violations of the Florida Motor Vehicle Retail Sales Finance Act, Florida Statutes, sections 520.07(2)(a)-(e), in accordance with Florida Statutes, section 520.12(2), concerning the second April 14, 2001 retail installment sales contract, Exh. 5.

**WHEREFORE,** Reneker demands judgment against Household Auto for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT IX**
**(Section 520.07(2) Violations)**

68. Reneker realleges and incorporates by reference paragraphs 1-18 above.

69. This is an action by Reneker against Ernie Haire Ford for its violations of the Florida Motor Vehicle Retail Sales Finance Act, Florida Statutes, sections 520.07(2)(a)-(e), in accordance with Florida Statutes, section 520.12(2), concerning the December 28, 2002 retail installment sales contract, Exh. 7.

70. Section 520.12(2) provides a civil remedy to a buyer where the dealer willfully violates Chapter 520, Part I with respect to a retail installment sale. The buyer may recover "an amount equal to any finance charge and any fees charged to the buyer by reason of delinquency, plus attorneys' fees and costs incurred by the buyer to assert rights under this part."

71. At all times material, Ernie Haire Ford, in the ordinary course of its business, was engaged in the business of a motor vehicle retail installment seller and was licensed in accordance with Section 520.03.

72. Based on the facts set forth above, Ernie Haire Ford willfully violated the following:

a. Section 520.07(2)(a)-(e) by:

i. failing to make the required disclosures clearly and conspicuously in writing, in a form that the consumer may keep, prior to the consummation of the credit transactions pursuant to TILA and Regulation Z;

ii. Failing to include in the finance charge certain charges imposed by Ernie Haire Ford, payable by Reneker, and incident to the extension of credit as required by 15 U.S.C. § 1605(c), and Regulation Z, 12 C.F.R. § 226.18(d)(2). Such amounts include, without limitation, Etch Insurance and Silencer, in accordance with

Regulation Z, 12 C.F.R. § 226.4(a), for which disclosure is required, as a precondition to exclusion of such charges from any finance charge, and was not properly made pursuant to Regulation Z, 12 C.F.R. § 226.4(d)(2) and (3); and

iii. Failing to accurately disclose credit terms in accordance with 15 U.S.C. §§ 1601 and 1638(a) and Regulation Z, 12 C.F.R. § 226.17.

73. Reneker has retained the undersigned counsel to prosecute this action and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to Section 520.12(2).

**WHEREFORE,** Reneker demands judgment against Ernie Haire for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT X**
**(Section 520.07(2) Violations – Derivative Claim)**

74. The Plaintiff realleges and incorporates by reference paragraphs 1-18 and 70-73 above.

75. This is an action by Reneker against MSC for its derivative liability for Ernie Haire Ford's violations of the Florida Motor Vehicle Retail Sales Finance Act, Florida Statutes, sections 520.07(2)(a)-(e), in accordance with Florida Statutes, section 520.12(2), concerning the December 28, 2002 retail installment sales contract, Exh. 7.

**WHEREFORE,** Reneker demands judgment against MSC for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT XI**
**(Section 520.07(3)(d) Violations)**

76. Reneker realleges and incorporates by reference paragraphs 1-18 above.

77. This is an action by Reneker against Ernie Haire Ford for its violations of the Florida Motor Vehicle Retail Sales Finance Act, Florida Statutes, sections 520.07(3)(d), in accordance with Florida Statutes, section 520.12(2), concerning the first April 14, 2001 retail installment sales contract, Exh. 3.

78. Section 520.12(2) provides a civil remedy to a buyer where the dealer willfully violates Chapter 520, Part I with respect to a retail installment sale. The buyer may recover "an amount equal to any finance charge and any fees charged to the buyer by reason of delinquency, plus attorneys' fees and costs incurred by the buyer to assert rights under this part."

79. At all times material, Ernie Haire Ford, in the ordinary course of its business, was engaged in the business of a motor vehicle retail installment seller and was licensed in accordance with Section 520.03.

80. Based on the facts set forth above, Ernie Haire willfully violated Section 520.07(3)(d) by, among other things, failing to provide a separate written itemization of the amount financed, which itemizes the amounts included for insurance and other benefits, specifying the types of coverages and benefits.

81. Reneker has retained the undersigned counsel to prosecute this action and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to Section 520.12(2).

**WHEREFORE,** Reneker demands judgment against Ernie Haire for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT XII**
**(Section 520.07(3)(d) Violations)**

82. Reneker realleges and incorporates by reference paragraphs 1-18 above.

83. This is an action by Reneker against Ernie Haire Ford for its violations of the Florida Motor Vehicle Retail Sales Finance Act, Florida Statutes, sections 520.07(3)(d), in accordance with Florida Statutes, section 520.12(2), concerning the second April 14, 2001 retail installment sales contract, Exh. 5.

84. Section 520.12(2) provides a civil remedy to a buyer where the dealer willfully violates Chapter 520, Part I with respect to a retail installment sale. The buyer may recover "an amount equal to any finance charge and any fees charged to the buyer by reason of delinquency, plus attorneys' fees and costs incurred by the buyer to assert rights under this part."

85. At all times material, Ernie Haire Ford, in the ordinary course of its business, was engaged in the business of a motor vehicle retail installment seller and was licensed in accordance with Section 520.03.

86. Based on the facts set forth above, Ernie Haire willfully violated Section 520.07(3)(d) by, among other things, failing to provide a separate written itemization of the amount financed, which itemizes the amounts included for insurance and other benefits, specifying the types of coverages and benefits.

87. Reneker has retained the undersigned counsel to prosecute this action and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to Section 520.12(2).

**WHEREFORE,** Reneker demands judgment against Ernie Haire for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT XIII**
**(Section 520.07(2) Violations – Derivative Claim)**

88. The Plaintiff realleges and incorporates by reference paragraphs 1-18 and 84-87 above.

89. This is an action by Reneker against Household Auto Finance for its derivative liability for Ernie Haire Ford's violations of the Florida Motor Vehicle Retail Sales Finance Act, Florida Statutes, sections 520.07(3)(d), in accordance with Florida Statutes, section 520.12(2), concerning the second April 14, 2001 retail installment sales contract, Exh. 5.

**WHEREFORE,** Reneker demands judgment against Household Auto for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT XIV**
**(Section 520.07(3)(d) Violations)**

90. Reneker realleges and incorporates by reference paragraphs 1-18 above.

91. This is an action by Reneker against Ernie Haire Ford for its violations of the Florida Motor Vehicle Retail Sales Finance Act, Florida Statutes, sections 520.07(3)(d), in accordance with Florida Statutes, section 520.12(2), concerning the December 28, 2002 retail installment sales contract, Exh. 7.

92. Section 520.12(2) provides a civil remedy to a buyer where the dealer willfully violates Chapter 520, Part I with respect to a retail installment sale. The buyer may recover "an amount equal to any finance charge and any fees charged to the buyer by reason of delinquency, plus attorneys' fees and costs incurred by the buyer to assert rights under this part."

93. At all times material, Ernie Haire Ford, in the ordinary course of its business, was engaged in the business of a motor vehicle retail installment seller and was licensed in accordance with Section 520.03.

94. Based on the facts set forth above, Ernie Haire willfully violated Section 520.07(3)(d) by, among other things, failing to provide a separate written itemization of the

amount financed, which itemizes the amounts included for insurance and other benefits, specifying the types of coverages and benefits.

95. Reneker has retained the undersigned counsel to prosecute this action and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to Section 520.12(2).

**WHEREFORE,** Reneker demands judgment against Ernie Haire for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT XV**
**(Section 520.07(3)(d) Violations – Derivative Claim)**

96. The Plaintiff realleges and incorporates by reference paragraphs 1-18 and 92-95 above.

97. This is an action by Reneker against MSC for its derivative liability for Ernie Haire Ford's violations of the Florida Motor Vehicle Retail Sales Finance Act, Florida Statutes, sections 520.07(3)(d), in accordance with Florida Statutes, section 520.12(2), concerning the December 28, 2002 retail installment sales contract, Exh. 7.

**WHEREFORE,** Reneker demands judgment against MSC for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT XVI**
**(Chapter 520.07(1)(a) and (7) Violations)**

98. Reneker realleges and incorporates by reference paragraphs 1-18 above.

99. This is an action by Reneker against Ernie Haire Ford for its violations of the Florida Motor Vehicle Retail Sales Finance Act, Florida Statutes, sections 520.07(1)(a) and (7), in accordance with Florida Statutes, section 520.12(2), concerning the first April 14, 2001 retail installment sales contract, Exh. 3.

100. Section 520.12(2) provides a civil remedy to a buyer where the dealer willfully violates Chapter 520, Part I with respect to a retail installment sale. The buyer may recover "an amount equal to any finance charge and any fees charged to the buyer by reason of delinquency, plus attorneys' fees and costs incurred by the buyer to assert rights under this part."

101. At all times material, Ernie Haire Ford, in the ordinary course of its business, was engaged in the business of a motor vehicle retail installment seller and was licensed in accordance with Section 520.03.

102. Based on the facts set forth above, Ernie Haire Ford willfully violated the following:

a. Section 520.07(1)(a) by failing to complete all essential provisions and sign its standard retail installment sales contract prior to the signing of the contract by the buyer; and

b. Section 520.07(7) by having Reneker, sign retail installment contracts when they contain blank spaces, *e.g.* the seller's signature line, to be filled in after they have been signed.

103. Reneker has retained the undersigned counsel to prosecute this action and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to Section 520.12(2).

**WHEREFORE,** Reneker demands judgment against Ernie Haire for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT XVII**
**(Chapter 520.07(1)(a) and (7) Violations)**

104. Reneker realleges and incorporates by reference paragraphs 1-18 above.

105. This is an action by Reneker against Ernie Haire Ford for its violations of the Florida Motor Vehicle Retail Sales Finance Act, Florida Statutes, sections 520.07(1)(a) and (7), in accordance with Florida Statutes, section 520.12(2), concerning the second April 14, 2001 retail installment sales contract, Exh. 5.

106. Section 520.12(2) provides a civil remedy to a buyer where the dealer willfully violates Chapter 520, Part I with respect to a retail installment sale. The buyer may recover "an amount equal to any finance charge and any fees charged to the buyer by reason of delinquency, plus attorneys' fees and costs incurred by the buyer to assert rights under this part."

107. At all times material, Ernie Haire Ford, in the ordinary course of its business, was engaged in the business of a motor vehicle retail installment seller and was licensed in accordance with Section 520.03.

108. Based on the facts set forth above, Ernie Haire Ford willfully violated the following:

a. Section 520.07(1)(a) by failing to complete all essential provisions and sign its standard retail installment sales contract prior to the signing of the contract by the buyer; and

b. Section 520.07(7) by having Reneker, sign retail installment contracts when they contain blank spaces, *e.g.* the seller's signature line, to be filled in after they have been signed.

109. Reneker has retained the undersigned counsel to prosecute this action and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to Section 520.12(2).

**WHEREFORE,** Reneker demands judgment against Ernie Haire for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT XVIII**
**(Chapter 520.07(1)(a) and (7) Violations)**

110. Reneker realleges and incorporates by reference paragraphs 1-18 above.

111. This is an action by Reneker against Ernie Haire Ford for its violations of the Florida Motor Vehicle Retail Sales Finance Act, Florida Statutes, sections 520.07(1)(a) and (7), in accordance with Florida Statutes, section 520.12(2), concerning the December 28, 2002 retail installment sales contract, Exh. 7.

112. Section 520.12(2) provides a civil remedy to a buyer where the dealer willfully violates Chapter 520, Part I with respect to a retail installment sale. The buyer may recover "an amount equal to any finance charge and any fees charged to the buyer by reason of delinquency, plus attorneys' fees and costs incurred by the buyer to assert rights under this part."

113. At all times material, Ernie Haire Ford, in the ordinary course of its business, was engaged in the business of a motor vehicle retail installment seller and was licensed in accordance with Section 520.03.

114. Based on the facts set forth above, Ernie Haire Ford willfully violated the following:

a. Section 520.07(1)(a) by failing to complete all essential provisions and sign its standard retail installment sales contract prior to the signing of the contract by the buyer; and

b. Section 520.07(7) by having Reneker, sign retail installment contracts when they contain blank spaces, *e.g.* the seller's signature line, to be filled in after they have been signed.

115. Reneker has retained the undersigned counsel to prosecute this action and is entitled to the recovery of his reasonable attorneys' fees and costs pursuant to Section 520.12(2).

**WHEREFORE,** Reneker demands judgment against Ernie Haire for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT XIX**
**(FDUTPA)**

116. The Plaintiff realleges and incorporates by reference paragraphs 1-18, 21-25, 29-33, 43-46, 56-58, 62-64, 70-72, 78-80, 84-86, 92-94, 100-102, 106-108, and 112-114 above.

117. This is an action against Ernie Haire Ford for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statutes, section 501.201 et. seq.

118. Section 501.211 grants a private right of action for violations of FDUTPA

119. FDUTPA expresses a primary policy "[t]o protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce" and that as a rule of construction, the Act "shall be construed liberally to promote [such] policies . . . ."

120. Under Florida Statutes, section 501.203(3)(c), a violation of "[a]ny law, statute, rule, regulation, or ordinance which proscribes . . . unfair, deceptive, or unconscionable acts or practices" is automatically a violation of FDUTPA.

121. Further, Florida Statutes, section 501.976, specifically identifies and describes actionable unfair or deceptive acts or practices by motor vehicle dealers as defined by Florida Statutes, section 320.27(1)(c)4, Florida Statutes.

122. Ernie Haire Ford advertised, solicited, provided, offered, sold, financed and distributed new and used motor vehicles to the Plaintiff as a motor vehicle dealer as defined by Florida law.

123.   Ernie Haire Ford violated FDUTPA and committed unconscionable acts or practices, or unfair or deceptive acts or practices in the conduct of trade and commerce in the State of Florida by, among other things:

    a.   Failing to accurately disclose the finance charge and the APR in its retail installment sales contracts TILA, Regulation Z, and Section 520.07(2)(a)-(e).

    b.   Failing to make the required accurate disclosures clearly and conspicuously in writing, in a form that the consumer may keep, prior to the consummation of the credit transactions pursuant to TILA, Regulation Z, and Section 520.07(2)(a)-(e);

    c.   Failing to accurately disclose credit terms in accordance with 15 U.S.C. §§ 1601 and 1638(a) and Regulation Z, 12 C.F.R. § 226.17(b), and Section 520.07(2)(a)-(e);

    d.   Failing to disclose any amounts paid to other persons, the identity of such persons, and the amounts paid on the consumer's behalf in accordance with 15 U.S.C. § 1638(a)(2)(B)(iii) and Regulation Z, 12 C.F.R. § 226.18(c)(1)(iii); and

    e.   Violating Section 520.12(2) by willfully violating Section 520.07.

124.   As a direct and proximate result of Ernie Haire Ford's unlawful and deceptive activity, the Plaintiff has been damaged.

125.   The Plaintiff has retained the undersigned counsel to prosecute this action and is entitled to recovery of his reasonable attorneys' fees pursuant to Florida Statutes, sections 501.211(2) and 501.2105.

**WHEREFORE,** Reneker demands judgment against Ernie Haire for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**COUNT XX**
**(FDUTPA – Derivative Claim)**

126. The Plaintiff realleges and incorporates by reference paragraphs 1-18 and 116-125 above.

127. This is an action by Reneker against Household Auto Finance and MSC for their derivative liability for Ernie Haire Ford's violations of FDUTPA, concerning the second April 14, 2001 retail installment sales contract, Exh. 5, and the December 28, 2002 retail installment sales contract, Exh. 7.

**WHEREFORE,** Reneker demands judgment against Household Auto and MSC for damages, interest, his reasonable attorneys' fees, the costs of this action, and such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Reneker hereby demands a trial by jury on all issues so triable against the Defendants.

**DATED** this 6th day of April, 2004

J. Daniel Clark, Esquire FBN 0106471
CLARK, CHARLTON & MARTINO, P.A.
3407 W. Kennedy Boulevard
Tampa, FL 33609
(813) 879-0700
(813) 879-5498 (Facsimile)

**Attorneys For Plaintiff**

**Ernie Haire**

9545 North Florida Avenue
TAMPA, FLORIDA 33612
Tampa 933-6571

FORD
FORD TRUCKS

DATE [illegible]

(PRINT) NAME(S) TO APPEAR ON TITLE: [illegible]

| INVOICE # | NEW | USED | DEMO | STOCK NO |
|---|---|---|---|---|
| [illegible] | | | | [illegible] |

DR. LIC. NO. [illegible] DOB [illegible]

DR. LIC. NO. DOB

| ADDRESS | YR | MAKE | MODEL | BODY |
|---|---|---|---|---|
| [illegible] | [illegible] | FORD | F 150 | [illegible] |

| CITY | STATE | ZIP | IGN. KEY | TRUNK KEY | COLOR | MILEAGE |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | 33541 | | | [illegible] | [illegible] |

PHONE – BUS [illegible] RES. [illegible] SERIAL NO. [illegible]

| T/I MILEAGE | YR | MAKE | MODEL |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |

SERIAL NO. [illegible] LICENSE

BASE PRICE OF VEHICLE $ [illegible]

OPTIONS ADDED: [illegible]

PAY OFF INSTITUTION [illegible]

STREET ADDRESS [illegible]

CITY, STATE & ZIP [illegible]

ACCOUNT NUMBER

AMOUNT: $ [illegible] GOOD UNTIL

HOW TITLED:

ANY 2ND LIEN & AMOUNT:

TO WHOM:

VERIFIED BY: VERIFIED ON:

## IMPORTANT NOTICE TO OWNER

**The vehicle described herein is being sold on an "as is" basis. THE SELLER MAKES NO WARRANTIES, EXPRESSED OR IMPLIED, AS TO THE MERCHANTABILITY, FITNESS FOR A PARTICULAR USE, OR OTHERWISE, WHICH EXTEND BEYOND THE DESCRIPTION ON THE FACE HEREOF. The purchaser is making this purchase after and in reliance of his full and complete examination of the vehicle and not by reason of any representations as to its merchantability, or fitness for a particular use. It is further agreed that there are no understandings, agreements, or representations which are not specified herein, and that this contract contains the entire understanding of the parties.**

***The information you see on the window form for this vehicle is part of this contract. The information on the window form overrides any contract provisions in the contract of sale.***

It is mutually agreed that no refund will be made to the customer where the transaction involves a car "In Trade" or where a car is held on a cash deposit, or ordered from the factory on cash deposit. said cash deposit on car will be forfeited as liquidated damages if the above mentioned customer does not take possession of the before mentioned vehicle on the terms outlined above. All trades are subject to reappraisal. It is mutually agreed that in the event ERNIE HAIRE FORD, INC. cannot deliver the above ordered vehicle within 90 days of date this entire agreement is null and void and all liability on both the part of ERNIE HAIRE FORD, INC. and the customer is terminated. This agreement shall not be subject to change or modification by verbal statement, by trade customs of any kind, or by written communications of any kind except when signed and approved by an officer of the company. In case suit shall be brought by THE SELLER for the enforcement of this agreement or that said agreement shall be referred to an attorney for enforcement, customer agrees to pay reasonable attorney fees and court costs incurred on behalf of THE SELLER at trial and appellate levels, including any bankruptcy or insolvency proceedings.

BUYER REPRESENTS AND WARRANTS THAT THE TOTAL PAYOFF BALANCE FOR ALL LIENS ON THE TRADE-IN VEHICLE IS AS SET FORTH AND ITEMIZED IN THIS AGREEMENT AND AGREES TO PAY SELLER ANY PAYOFF SUMS IN EXCESS OF SUCH AMOUNT UPON REQUEST.

BUYER ACKNOWLEDGES AN EXPRESS LIEN ON THE PURCHASED VEHICLE BY SELLER UNTIL ALL SUMS DUE UNDER THIS AGREEMENT TO SELLER ARE COLLECTED AND FULLY PAID. IN THE EVENT ANY SUCH SUMS ARE NOT PROMPTLY COLLECTED AND FULLY PAID BUYER AUTHORIZES SELLER TO RETAKE [illegible] OF THE SAID VEHICLE AND TO HOLD THE SAME UNTIL FULL PAYMENT AND [illegible] DUE HEREUNDER IS EFFECTED AND BUYER AGREES TO PAY ALL COSTS AND EXPENSES IN ACCOMPLISHING THE SAME.

THIS ORDER SHALL NOT BECOME BINDING UNTIL ACCEPTED BY DEALER OR HIS AUTHORIZED REPRESENTATIVE AND IN THE EVENT OF A TIME SALE DEALER SHALL NOT BE OBLIGATED TO SELL VEHICLE UNTIL APPROVAL OF THE TERMS HEREOF IS GIVEN BY A BANK OR FINANCE COMPANY WILLING TO PURCHASE A RETAIL INSTALLMENT CONTRACT BETWEEN THE PARTIES HERETO BASED ON SUCH TERMS. Purchaser by execution of this Order certifies that he or she is 18 years of age or older or legally entitled to enter into this agreement and acknowledges that he or she has read its terms and conditions. I hereby certify that the manufacturers or importers label as required by public law 85-506, was affixed to the above described motor vehicle which I purchased from ERNIE HAIRE FORD, INC., 9545 North Florida Avenue, Tampa, Florida and also it was in legible condition, being unaltered and not mutilated.

| | |
|---|---|
| TOTAL SALES PRICE | [illegible] |
| LESS USED CAR ALLOWANCE | [illegible] |
| CASH DIFFERENCE | [illegible] |
| THIS CHARGE REPRESENTS COSTS AND PROFITS TO THE SELLER/DEALER FOR SUCH ITEMS AS INSPECTING, CLEANING AND ADJUSTING NEW AND USED VEHICLES, AND ADDITIONAL DEALER SERVICES NOT COMPENSATED BY THE MANUFACTURER. | 289 00 |
| ADMINISTRATIVE FEES LIEN RECORDING, ETC | 29 50 |
| SOLID WASTE FEES BATTERY | 1 50 |
| NEW TIRES / $1.00 EACH | [illegible] |
| VEHICLE THEFT REGISTRATION | 199 00 |
| AMOUNT TAXABLE | [illegible] |
| FLORIDA SALES TAX | [illegible] |
| FIRST $5,000.00 DISCRETIONARY TAX | |
| MVWEA | 2 00 |
| ESTIMATED TAG FEE TRANSFER ☐ BUY ☐ | [illegible] |
| ☐ APPROXIMATE PAYOFF | [illegible] |
| TOTAL CASH BALANCE DUE | [illegible] |
| DEPOSITS | [illegible] |
| ADDITIONAL DEPOSITS | [illegible] |
| AMOUNT FINANCED (BALANCE DUE) | [illegible] |

LIEN INFORMATION TO: [illegible]

ADDRESS P.O. BOX [illegible]

CITY [illegible] STATE [illegible] ZIP [illegible]

AMOUNT OF CHECK [illegible]

DATE OF LIEN [illegible]

CONFIRMED BY

I ASSERT THAT I HAVE READ THIS BUYER'S ORDER AND FULLY UNDERSTAND THE CONTENTS THEREOF

Accepted by

x ______________________ Dealer or His Authorized Representative

x ______________________ Salesman

EXHIBIT

Purchaser's Signature

APR 14TH [illegible]
Date

APC

# MOTOR VEHICLE ANTI-THEFT REGISTRATION

| APC SYSTEM CODE | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| 446[illegible] | 04-14-01 | 04-14-04 |

| VEHICLE IDENTIFICATION NUMBER | VEHICLE SELLING PRICE |
|---|---|
| 2FTZF[illegible]WCA44629 | 19,699.00 |

| VEHICLE MAKE | VEHICLE MODEL | YEAR | MILEAGE |
|---|---|---|---|
| [illegible] | F-150 | 1998 | 39[illegible] |

THOMAS E PENEKER
**OWNER'S NAME**

34825 BU[illegible] RD
**STREET ADDRESS**

ZEPHYRHILLS FL 33541
**CITY, STATE, ZIP**

| OWNER'S HOME PHONE | BUSINESS PHONE |
|---|---|
| (813) 779-9089 | (813) 238-5010 |

ERNIE HAIRE FORD INC.
**DEALER'S NAME**

9545 N FLORIDA AVE
**STREET ADDRESS**

TAMPA FL 33612
**CITY, STATE, ZIP**

(813) 933-6571
**DEALER'S PHONE**

FORD MOTOR CREDIT COMPANY C/O ASG
**LIENHOLDER'S NAME**

| BUYER'S SIGNATURE | DATE |
|---|---|
| [signature] | 04/14/2001 |

| BUYER'S SIGNATURE | DATE |
|---|---|
| | |

**Dealer certifies that windows of the vehicle described above have been etched with the APC code number shown on this form.**

| DEALER'S SIGNATURE | DATE |
|---|---|
| [signature] | 04/14/2001 |

APC.MVTR REV. 5/97

WHITE COPY – APC • YELLOW COPY – CUSTOMER • PINK COPY – DEALER APC

EXHIBIT 2

# Ernie Haire

9545 North Florida Avenue
TAMPA, FLORIDA 33612
Tampa 933-6571

FORD
FORD TRUCKS

DATE

(PRINT) NAME(S) TO APPEAR ON TITLE

| INVOICE # | NEW | USED | DEMO | STOCK NO |
|---|---|---|---|---|
| | | | | |

DR. LIC. NO — DOB

DR. LIC NO — DOB

| ADDRESS | | | YR. | MAKE | MODEL | BODY |
|---|---|---|---|---|---|---|
| CITY TAMPA | STATE FL | ZIP | IGN KEY | TRUNK KEY | COLOR | MILEAGE |
| PHONE—BUS | RES | | SERIAL NO | | | |

| T/I MILEAGE | YR. | MAKE | MODEL |
|---|---|---|---|
| SERIAL NO. | | LICENSE | |

BASE PRICE OF VEHICLE $

OPTIONS ADDED:

PAY OFF INSTITUTION

STREET ADDRESS

CITY, STATE & ZIP

ACCOUNT NUMBER

AMOUNT $ — GOOD UNTIL

HOW TITLED:

ANY 2ND LIEN & AMOUNT.

TO WHOM:

VERIFIED BY: — VERIFIED ON:

## IMPORTANT NOTICE TO OWNER

***The vehicle described herein is being sold on an "as is" basis. THE SELLER MAKES NO WARRANTIES, EXPRESSED OR IMPLIED, AS TO THE MERCHANTABILITY, FITNESS FOR A PARTICULAR USE, OR OTHERWISE, WHICH EXTEND BEYOND THE DESCRIPTION ON THE FACE HEREOF. The purchaser is making this purchase after and in reliance of his full and complete examination of the vehicle and not by reason of any representations as to its merchantability or fitness for a particular use. It is further agreed that there are no understandings, agreements, or representations which are not specified herein, and that this contract contains the entire understanding of the parties.***

The information you see on the window form for this vehicle is part of this contract. The information on the window form overrides any contract provisions in the contract of sale.

It is mutually agreed that no refund will be made to the customer where the transaction involves a car "In Trade" or where a car is held on a cash deposit, or ordered from the factory on cash deposit, said cash deposit on car will be forfeited as liquidated damages if the above mentioned customer does not take possession of the before mentioned vehicle on the terms outlined above. All trades are subject to reappraisal. It is mutually agreed that in the event ERNIE HAIRE FORD, INC. cannot deliver the above ordered vehicle within 90 days of date, this entire agreement is null and void and all liability on both the part of ERNIE HAIRE FORD, INC. and the customer is terminated. This agreement shall not be subject to change or modification by verbal statement, by trade customs of any kind or by written communications of any kind except when signed and approved by an officer of the company. In case suit shall be brought by THE SELLER for the enforcement of this agreement or that said agreement shall be referred to an attorney for enforcement, customer agrees to pay reasonable attorney fees and court costs incurred on behalf of THE SELLER at trial and appellate levels including any bankruptcy or insolvency proceedings.

BUYER REPRESENTS AND WARRANTS THAT THE TOTAL PAYOFF BALANCE FOR ALL LIENS ON THE TRADE-IN VEHICLE IS AS SET FORTH AND ITEMIZED IN THIS AGREEMENT AND AGREES TO PAY SELLER ANY PAYOFF SUMS IN EXCESS OF SUCH AMOUNT UPON REQUEST.

BUYER ACKNOWLEDGES AN EXPRESS LIEN ON THE PURCHASED VEHICLE BY SELLER UNTIL ALL SUMS DUE UNDER THIS AGREEMENT TO SELLER ARE COLLECTED AND FULLY PAID. IN THE EVENT ANY SUCH SUMS ARE NOT PROMPTLY COLLECTED AND FULLY PAID, BUYER AUTHORIZES SELLER TO RETAKE POSSESSION OF THE SAID VEHICLE AND TO HOLD THE SAME UNTIL FULL PAYMENT AND COLLECTION DUE HEREUNDER IS EFFECTED AND BUYER AGREES TO PAY ALL COSTS AND EXPENSES IN ACCOMPLISHING THE SAME.

THIS ORDER SHALL NOT BECOME BINDING UNTIL ACCEPTED BY DEALER OR HIS AUTHORIZED REPRESENTATIVE AND IN THE EVENT OF A TIME SALE, DEALER SHALL NOT BE OBLIGATED TO SELL VEHICLE UNTIL APPROVAL OF THE TERMS HEREOF IS GIVEN BY A BANK OR FINANCE COMPANY WILLING TO PURCHASE A RETAIL INSTALLMENT CONTRACT BETWEEN THE PARTIES HERETO BASED ON SUCH TERMS. Purchaser by execution of this Order certifies that he or she is 18 years of age or older or legally entitled to enter into this agreement and acknowledges that he or she has read its terms and conditions. I hereby certify that the manufacturers or importers label as required by public law 85-506, was affixed to the above described motor vehicle which I purchased from ERNIE HAIRE FORD, INC., 9545 North Florida Avenue, Tampa, Florida and also it was in legible condition, being unaltered and not mutilated.

| | | |
|---|---|---|
| TOTAL SALES PRICE | | |
| LESS USED CAR ALLOWANCE | | |
| CASH DIFFERENCE | | |
| THIS CHARGE REPRESENTS COSTS AND PROFITS TO THE SELLER/DEALER FOR SUCH ITEMS AS INSPECTING, CLEANING AND ADJUSTING NEW AND USED VEHICLES AND ADDITIONAL DEALER SERVICES NOT COMPENSATED BY THE MANUFACTURER | 289 | 00 |
| ADMINISTRATIVE FEES LIEN RECORDING ETC | 29 | 50 |
| SOLID WASTE FEES BATTERY | 1 | 50 |
| NEW TIRES / $1.00 EACH | 5 | 00 |
| VEHICLE THEFT REGISTRATION | 199 | 00 |
| AMOUNT TAXABLE | | |
| FLORIDA SALES TAX | | |
| FIRST $5,000.00 DISCRETIONARY TAX | | |
| MVWEA | 2 | 00 |
| ESTIMATED TAG FEE TRANSFER ☐ BUY ☐ | | |
| ☐ APPROXIMATE PAYOFF | | |
| TOTAL CASH BALANCE DUE | | |
| DEPOSITS | | |
| ADDITIONAL DEPOSITS | | |
| AMOUNT FINANCED (BALANCE DUE) | | |

INFORMATION

ADDRESS

CITY — STATE FL ZIP

AMOUNT OF CHECK

DATE OF LIEN

CONFIRMED BY

I ASSERT THAT I HAVE READ THIS BUYER'S ORDER AND FULLY UNDERSTAND THE CONTENTS THEREOF

EXHIBIT 6

Accepted by

X
Dealer (or His Authorized Representative

X
Purchaser's Signature

X
Salesman

Date

# Ernie Haire

9545 North Florida Avenue
TAMPA, FLORIDA 33612
Tampa 933-6571

FORD TRUCKS

DATE

(PRINT) NAME(S) TO APPEAR ON TITLE

THOMAS L REINHART

| INVOICE # | NEW | USED | DEMO | STOCK NO |
|---|---|---|---|---|
| | | | | |

DR LIC NO. DOB

DR. LIC. NO DOB

ADDRESS

| YR | MAKE | MODEL | BODY |
|---|---|---|---|
| 1988 | FORD | | |

CITY STATE ZIP

| IGN KEY | TRUNK KEY | COLOR | MILEAGE |
|---|---|---|---|
| | | RED | |

PHONE—BUS. RES

SERIAL NO.

| T/I MILEAGE | YR. | MAKE | MODEL |
|---|---|---|---|
| | | | THUNDERBIRD |

SERIAL NO LICENSE

BASE PRICE OF VEHICLE $

OPTIONS ADDED:

PAY OFF INSTITUTION

STREET ADDRESS

CITY, STATE & ZIP CLEARWATER BEACH FL

ACCOUNT NUMBER

AMOUNT: $ GOOD UNTIL

HOW TITLED:

ANY 2ND LIEN & AMOUNT:

TO WHOM:

VERIFIED BY: VERIFIED ON:

## IMPORTANT NOTICE TO OWNER

**The vehicle described herein is being sold on an "as is" basis. THE SELLER MAKES NO WARRANTIES, EXPRESSED OR IMPLIED, AS TO THE MERCHANTABILITY, FITNESS FOR A PARTICULAR USE, OR OTHERWISE, WHICH EXTEND BEYOND THE DESCRIPTION ON THE FACE HEREOF. The purchaser is making this purchase after and in reliance of his full and complete examination of the vehicle and not by reason of any representations as to its merchantability, or fitness for a particular use. It is further agreed that there are no understandings, agreements, or representations which are not specified herein and that this contract contains the entire understanding of the parties.**

**The information you see on the window form for this vehicle is part of this contract. The information on the window form overrides any contract provisions in the contract of sale.**

It is mutually agreed that no refund will be made to the customer where the transaction involves a car "In Trade" or where a car is held on a cash deposit, or ordered from the factory on cash deposit, said cash deposit on car will be forfeited as liquidated damages if the above mentioned customer does not take possession of the before mentioned vehicle on the terms outlined above. All trades are subject to reappraisal. It is mutually agreed that in the event ERNIE HAIRE FORD, INC cannot deliver the above ordered vehicle within 90 days of date, this entire agreement is null and void and all liability on both the part of ERNIE HAIRE FORD, INC. and the customer is terminated. This agreement shall not be subject to change or modification by verbal statement, by trade customs of any kind, or by written communications of any kind except when signed and approved by an officer of the company. In case suit shall be brought by THE SELLER for the enforcement of this agreement or that said agreement shall be referred to an attorney for enforcement, customer agrees to pay reasonable attorney fees and court costs incurred on behalf of THE SELLER at trial and appellate levels, including any bankruptcy or insolvency proceedings.

BUYER REPRESENTS AND WARRANTS THAT THE TOTAL PAYOFF BALANCE FOR ALL LIENS ON THE TRADE-IN VEHICLE IS AS SET FORTH AND ITEMIZED IN THIS AGREEMENT AND AGREES TO PAY SELLER ANY PAYOFF SUMS IN EXCESS OF SUCH AMOUNT UPON REQUEST.

BUYER ACKNOWLEDGES AN EXPRESS LIEN ON THE PURCHASED VEHICLE BY SELLER UNTIL ALL SUMS DUE UNDER THIS AGREEMENT TO SELLER ARE COLLECTED AND FULLY PAID. IN THE EVENT ANY SUCH SUMS ARE NOT PROMPTLY COLLECTED AND FULLY PAID, BUYER AUTHORIZES SELLER TO RETAKE POSSESSION OF THE SAID VEHICLE AND TO HOLD THE SAME UNTIL FULL PAYMENT AND COLLECTION DUE HEREUNDER IS EFFECTED AND ... ER AGREES TO PAY ALL COSTS AND EXPENSES IN ACCOMPLISHING THE SAME.

THIS ORDER SHALL NOT BECOME BINDING UNTIL ACCEPTED BY DEALER OR HIS AUTHORIZED REPRESENTATIVE AND IN THE EVENT OF A TIME SALE, DEALER SHALL NOT BE OBLIGATED TO SELL VEHICLE UNTIL APPROVAL OF THE TERMS HEREOF IS GIVEN BY A BANK OR FINANCE COMPANY WILLING TO PURCHASE A RETAIL INSTALLMENT CONTRACT BETWEEN THE PARTIES HERETO BASED ON SUCH TERMS. Purchaser by execution of this Order certifies that he or she is 18 years of age or older or legally entitled to enter into this agreement and acknowledges that he or she has read its terms and conditions. I hereby certify that the manufacturers or importers label as required by public law 85-506, was affixed to the above described motor vehicle which I purchased from ERNIE HAIRE FORD, INC., 9545 North Florida Avenue, Tampa, Florida and also it was in legible condition, being unaltered and not mutilated.

| | |
|---|---|
| TOTAL SALES PRICE | |
| LESS USED CAR ALLOWANCE | |
| CASH DIFFERENCE | |
| THIS CHARGE REPRESENTS COSTS AND PROFITS TO THE SELLER/DEALER FOR SUCH ITEMS AS INSPECTING, CLEANING AND ADJUSTING NEW AND USED VEHICLES, AND ADDITIONAL DEALER SERVICES NOT COMPENSATED BY THE MANUFACTURER. | 289 00 |
| ADMINISTRATIVE FEES LIEN RECORDING, ETC | 29 50 |
| SOLID WASTE FEES BATTERY | 1 50 |
| NEW TIRES / $1.00 EACH | 5 00 |
| VEHICLE THEFT REGISTRATION | 199 00 |
| AMOUNT TAXABLE | |
| FLORIDA SALES TAX | |
| FIRST $5,000.00 DISCRETIONARY TAX | |
| MVWEA | 2 00 |
| ESTIMATED TAG FEE TRANSFER ☐ BUY ☐ | |
| ☐ APPROXIMATE PAYOFF | |
| TOTAL CASH BALANCE DUE | |
| DEPOSITS | |
| ADDITIONAL DEPOSITS | |
| AMOUNT FINANCED (BALANCE DUE) | |

LIEN INFORMATION TO

ADDRESS

CITY STATE ZIP

AMOUNT OF CHECK

DATE OF LIEN

CONFIRMED BY

I ASSERT THAT I HAVE READ THIS BUYER'S ORDER AND FULLY UNDERSTAND THE CONTENTS THEREOF.

EXHIBIT

Accepted by

X
Dealer or His Authorized Representative

X
Salesman

X
Purchaser's Signature

Date

RETAIL INSTALLMENT SALE CONTRACT
SIMPLE FINANCE CHARGE

174653

Dealer Number ____ Contract Number ____

Buyer's Month of Birth

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis at the Base Rate of ____ % per year. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Weight (lbs) | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 1998 | F150 | | | Agricultural |

FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| 19.95 % | $ 11,250.03 | $ 18,655.97 | $ 29,916.60 | $ 34,888.56 |

Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| | 498.61 | Monthly beginning |

Late Charge. If payment is not received in full within ____ days after it is due, you will pay a late charge of ____ % of the part of the payment that is late.

Prepayment. If you pay off all your debt early, you may have to pay a penalty.

Security Interest. You are giving a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

Insurance. You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit. Your choice of insurance providers will not affect our decision to sell or extend credit to you.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:

Optional Credit Insurance

Credit Life: ☒ Buyer ☒ Co-Buyer ☐ Both

☒ Credit Disability (Buyer Only)

Premium:

Credit Life $

Credit Disability $

Insurance Company Name

Home Office Address

Credit life insurance and credit disability insurance are not required to obtain credit. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

If the box above is checked to indicate that you want credit life insurance, please read and sign the following acknowledgments:

1. You understand that you have the option of assigning any other policy or policies you own or may procure for the purpose of covering this extension of credit and that the policy need not be purchased from us in order to obtain the extension of credit.

Buyer ____ Date

Co-Buyer ____ Date

2. You understand that the credit life coverage may be deferred if, at the time of application, you are unable to engage in employment or unable to perform normal activities of a person of like age and sex. (You need not sign this acknowledgment if the proposed credit life insurance policy does not contain this restriction.)

Buyer ____ Date 04/14/2001

Co-Buyer ____ Date

3. You understand that the benefits under the policy will terminate when you reach a certain age and affirm that your age is accurately represented on the application or policy.

Buyer ____ Date 04/14/2001

Co-Buyer ____ Date

Other Insurance

Type of Insurance ____ Term ____

Premium $

Insurance Company Name

Home Office Address

I want the insurance checked above.

Buyer Signature ____ Date

Co-Buyer Signature ____ Date

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.

Returned Check Charge: If any check or order of payment you give us is dishonored, you will pay a charge if we make demand that you do so. The charge will be $25 if the check amount is $50 or less; $30 if the check is over $50 but not more than $300; $40 if the check amount is over $300, or such amount as permitted by law.

ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including $ 661.11 sales tax) $

2. Total Downpayment =

Trade-in 1993 FORD THUNDERBIRD (Year) (Make) (Model)

Trade-in 1FAPP6043HH157065 (VIN)

Gross Trade-In Allowance $

Less Pay Off Made By Seller $

Equals Net Trade In $

+ Cash $

+ Other $

(If total downpayment is negative, enter "0" and see 4H below) $

3. Unpaid Balance of Cash Price (1 minus 2) $

4. Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts):

A. Cost of Optional Credit Insurance Paid to the Insurance Company or Companies.

Life $

Disability $ $

B. Other Insurance Paid to the Insurance Company $

C. Official Fees Paid to Government Agencies $

D. Government Documentary Stamp Taxes $

E. Other Taxes Not Included in Cash Price $

F. Government License and/or Registration Fees $

G. Government Certificate of Title Fees $

H. Other Charges (Seller must identify who is paid and describe purpose)

to ____ for ____ $

to ____ for ____ $

to ____ for ____ $

to ____ for ____ $

Total Other Charges and Amounts Paid to Others on Your Behalf $ (4)

5. Loan Processing Fee Paid to Seller (Prepaid Finance Charge) $ (5)

6. Amount Financed (3 plus 4) $ (6)

Payment Schedule: 60 installments of $ 498.61 each, monthly beginning MAY 2001

or as follows:

OPTION: ☐ You pay no finance charge if the Amount Financed, item 6, is paid in full on or before ____ Year ____ SELLER'S INITIALS

NO COOLING OFF PERIOD

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others. Buyer (and any Co-Buyer) initials ____

See back for other important agreements.

NOTICE TO THE BUYER: a) Do not sign this contract before you read it or if it contains any blank spaces. b) You are

Buyer's Name and Address (including County and Zip Code): HENDERSON, THOMAS ... TAMPA FL 33610

Creditor - Seller (Name and Address): EARLE HAINES FORD INC ... TAMPA

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis at the Base Rate of ___ % per year. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Weight (lbs.) | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2003 | FORD F-350 SD | | 1FTWF30L23EB77591 | personal, family or household; business; agricultural |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit, including your down payment of $4,500.91 |
| 8.99 % | $ 10,765.19 | $ 35,937.46 | $ 46,702.64 | $ 51,203.55 |

Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 598.37 | Monthly beginning FEB 13TH 2003 |

Or As Follows:

Late Charge: If payment is not received in full within 10 days after it is due, you will pay a late charge of 5 % of the part of the payment that is late.

Prepayment: If you pay off all your debt early, you may have to pay a penalty.

Security Interest: You are giving a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

Insurance. You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit. Your choice of insurance providers will not affect our decision to sell or extend credit to you.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:

**Optional Credit Insurance**

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both

☐ Credit Disability (Buyer Only)

Credit Life: Premium $ ...

Credit Disability $ ...

Insurance Company Name ...

Home Office Address ...

Credit life insurance and credit disability insurance are not required to obtain credit. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

If the box above is checked to indicate that you want credit life insurance, please read and sign the following acknowledgments:

1. You understand that you have the option of assigning any other policy or policies you own or may procure for the purpose of covering this extension of credit and that the policy need not be purchased from us in order to obtain the extension of credit.

Buyer ___ 12/20/2002 Date

Co-Buyer ___ Date

2. You understand that the credit life coverage may be deferred if, at the time of application, you are unable to engage in employment or unable to perform normal activities of a person of like age and sex. (You need not sign this acknowledgment if the proposed credit life insurance policy does not contain such a provision.)

Buyer ___ 12/20/2002 Date

Co-Buyer ___ Date

3. You understand that the benefits under the policy will terminate when you reach a certain age and that your age is accurately represented on the application or policy.

Buyer ___ 12/20/2002 Date

Co-Buyer ___ Date

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Price (including $ 2,118.60 sales tax) $ 38,113.81 (1)
2. Total Downpayment =
   - Trade-in 1998 FORD F-150 (Year) (Make) (Model) 2FTZF17__WCA44629 (VIN)
   - Trade-in ...
   - Gross Trade-In Allowance $ 15,520.00
   - Less Pay Off Made By Seller $ 15,021.__
   - Equals Net Trade In $ 499.05
   - + Cash $ 4,001.86
   - + Other N/A
   - (If total downpayment is negative, enter "0" and see 4H below) $ 4,500.91 (2)
3. Unpaid Balance of Cash Price (1 minus 2) $ 33,612.90 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts):
   - A Cost of Optional Credit Insurance Paid to the Insurance Company or Companies: Life $ ... Disability $ ... $ 1,137.18
   - B Other Insurance Paid to the Insurance Company $ 199.00
   - C Official Fees Paid to Government Agencies $ N/A
   - D Government Documentary Stamp Taxes $ 126.00
   - E Other Taxes Not Included in Cash Price $ N/A
   - F Government License and/or Registration Fees (Identify) ... $ N/A
   - G Government Certificate of Title Fees $ N/A
   - H Other Charges (Seller must identify who is paid and describe purpose)
     - to ... for Prior Credit or Lease Balance $ N/A
     - to ... $ 2,295.00
     - to ... $ ___
     - to ... $ 169.00
   - Total Other Charges and Amounts Paid to Others on Your Behalf $ 6,413.79 (4)
5. Loan Processing Fee Paid to Seller (Prepaid Finance Charge) $ ___ (5)
6. Amount Financed (3 plus 4) $ 35,937.46 (6)

Payment Schedule: 72 installments of $ 598.37 each, monthly beginning FEB 13TH 2003

or as follows ...

**Other Insurance**

GAP / SERVICE CONTRACT 72 — Type of Insurance — Term

Premium $ ...

Insurance Company Name ...

Home Office Address ...

I want the insurance checked above.

Buyer Signature ___ Date

Co-Buyer Signature ___ Date

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.

Returned Check Charge: If any check or order of payment you give us is dishonored, you will pay a charge if we make demand that you do so. The charge will be $25 if the check amount is $50 or less; $30 if the check is over $50 but not more than $300; $40 if the check amount is over $300, or such amount as permitted by law.

OPTION: ☐ You pay no finance charge if the amount financed, item 6, is paid in full on or before ___, Year ___ SELLERS INITIALS ___

**NO COOLING OFF PERIOD**

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others. Buyer (and any Co-Buyer) initials ___
See back for other important agreements.

**NOTICE TO THE BUYER: a) Do not sign this contract before you read it or if it contains any blank spaces. b) You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights.**

You agree to the terms of this contract and confirm that you received a completely filled-in copy when you signed it.

Buyer Signs ___ Date 12/20/2002 Co-Buyer Signs ___ Date ___

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The co-buyer or other owner knows that the Creditor has a security interest in the vehicle and consents to the security interest.

Other owner signs here ___ Address ___

Seller signs EARLE HAINES FORD INC. Date ___ By ___ Title ___

Seller assigns its interest in this contract to ___

OPTIONAL SILENCER® SECURITY SYSTEM AGREEMENT FOR NEW AND USED VEHICLES

AUTOMOTIVE WARRANTY SERVICES OF FLORIDA, INC.
505 North Broadway
Chicago, Illinois 60640
Florida License # 60023

AGREEMENT #
SA 19695

## INFORMATION SCHEDULE

## TERM: 3 YEARS

SYSTEM CODE | AGREEMENT DATE 12 2[illegible] | EXPIRATION DATE

VEHICLE IDENTIFICATION NUMBER | VEHICLE SELLING PRICE

VEHICLE INFORMATION: FORD | MAKE | YEAR | MODEL | MILEAGE

CUSTOMER'S NAME: LAST NAME | FIRST NAME | INITIAL

CUSTOMER'S ADDRESS: STREET ADDRESS | CITY TAMPA | STATE FL | ZIP CODE

CUSTOMER'S PHONE: AREA CODE | DAY PHONE | AREA CODE (813) | NIGHT PHONE 238-5010

DEALER'S NAME:
ERNIE HAIRE FORD INC.

DEALER'S ADDRESS: 2[illegible]45 N FLORIDA AVE | STREET ADDRESS | CITY TAMPA | STATE FL | ZIP CODE 33612

DEALER'S PHONE: AREA CODE (813) | PHONE 933-[illegible]

LIENHOLDER: MACDILL FEDERAL CREDIT UNION | NAME | ADDRESS P. O. BOX [illegible] TAMPA FL 33612

AGREEMENT CHARGE $ 265.00

*By signing below, YOU acknowledge that YOU have read and understand all sections of this AGREEMENT and YOU agree to pay the AGREEMENT Charge stated above.*

CUSTOMER'S SIGNATURE

12 2[illegible] 2002
DATE

Notice to Consumer: The purchase of this AGREEMENT is not required in order to purchase, lease or obtain financing for this motor vehicle